4470.001

# United States District Court
## For the Northern District of Illinois
### Eastern Division

| | |
|---|---|
| West Bend Insurance Company, f/k/a West Bend Mutual Insurance Company, | |
| Plaintiff, | |
| v. | No.: |
| Sigler's Automotive and Body Shop, Inc., | Judge |
| | Magistrate Judge |
| Defendant. | |

## SIGLER'S AUTOMOTIVE AND BODY SHOP, INC. NOTICE OF REMOVAL

Defendant, Sigler's Automotive and Body Shop, Inc. ("Sigler's"), by counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files this Notice of Removal to remove this action, which has been filed as Case No. 2024 CH 09759 in the Circuit Court of Cook County, Illinois ("State Court Action"), to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Sigler's states as follows:

### I. PROCEDURAL BACKGROUND

1. On October 25, 2024, Plaintiff, West Bend Insurance Company f/k/a West Bend Mutual Insurance Company ("West Bend"), filed the State Court Action against Sigler's.

2. The One Count Complaint in the State Court Action seeks Declaratory Judgment pursuant to 735 ILCS 5/2-701 regarding West Bend's and Sigler's rights

1

and obligations under an appraisal clause within and otherwise arising out of a commercial property insurance policy West Bend issued to Sigler's and in relation to a wind and hail loss claim Sigler's filed with West Bend.

3. Pursuant to 28 U.S.C. §1446(a), Sigler's has attached hereto as **Exhibit 1** the entire copy of the complaint for declaratory judgment filed in the State Court Action.

## II. COMPLIANCE WITH THE PROCEDURAL ASPECTS OF THE REMOVAL STATUTE

4. As of the filing of this Notice of Removal, Sigler's has not been served with the complaint in the State Court Action, thus making removal timely and appropriate under 28 U.S.C. § 1446(b)(1).

5. This Notice of Removal is brought pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Sigler's hereby removes the State Court Action to this Court.

6. Removal is proper under 28 U.S.C. 1332(a) and 1441 where there is complete diversity of citizenship between the plaintiff and defendant, and the amount in controversy exceeds $75,000.00. Carroll v. Striker Corp., 68 F.3d 675, 680-81 (7thCir.2011).

7. For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and where it has its principal place of business. Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010).

### III. COMPLIANCE WITH THE SUBSTANTIVE REQUIREMENT OF DIVERSITY AND AMOUNT IN CONTROVERSY

8. Sigler's is a citizen of the State of Illinois as it is operating and incorporated in Illinois, pursuant to and under Illinois law, and has its principal place of business in the Village of Skokie, County of Cook. West Bend alleges in its complaint (**Exhibit 1**, ¶1) that it is a Wisconsin corporation with its principal place of business in Wisconsin. Therefore, complete diversity of citizenship between Plaintiff and Defendant exists pursuant to 28 U.S.C. 1332(a)(1).

9. Likewise, the amount in controversy exceeds $75,000.00, notwithstanding that West Bend seeks equitable relief. Specifically, West Bend alleges that Sigler has submitted a loss estimate and is seeking an appraisal award of $647,230.42, whereas West Bend disagrees and maintains its loss payment of $13,296.14 is the amount or value of Sigler's loss it is obligated to pay. **Exhibit 1**, ¶¶12-14. Accordingly, the amount in controversy (the difference between what West Bend has paid and the amount Sigler's has demanded through appraisal to be awarded) is over $600,000.00. *See, e.g.*, Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 540-41 (7thCir.2006) (figuring amount in controversy only requires good faith prediction of amount the Plaintiff is exposed to pay Defendant if Defendant is wrong); *and* Midland Management Company v. American Alternative Insurance Corporation, 132 F.Supp.3d 1014, 1018 (N.D.Ill.2015) (in declaratory judgment cases, the amount in controversy is measured by the value of the object of the litigation).

## IV. VENUE AND NOTICE

10. Venue properly rests in the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1441(a) because the State Court Action is being removed from the Circuit Court of Cook County, Illinois, where it was originally filed, which is within the jurisdiction of this District.

11. In accordance with 28 U.S.C. § 1446(d), Sigler's will promptly provide written notice of the filing of this Notice of Removal to West Bend's attorney of record.

12. Pursuant to 28 U.S.C. § 1446(d), Sigler's will file a duplicate copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

WHEREFORE, Sigler's Automotive and Body Shop, Inc., removes the State Court Action to the United States District Court for the Northern District of Illinois, Eastern Division, on the basis of diversity jurisdiction, and requests that the Circuit Court of Cook County, Illinois proceed no further with respect to matters at issue in this action.

Respectfully submitted by,
s/ *Patrick L. Provenzale* [ #6225879 ]
Ekl, Williams & Provenzale LLC
901 Warrenville Road, Suite 175
Lisle, IL 60532
(630) 654-9975
(630) 654-8318 *Facsimile*
pprovenzale@eklwilliams.com
*Attorneys for Defendant*

4