IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WEST BEND INSURANCE COMPANY f/k/a WEST BEND MUTUAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> SIGLER'S AUTOMOTIVE AND BODY SHOP, INC., <br><br> Defendant. | Case No. 1:24-cv-11182 |

**WEST BEND'S MOTION TO REMAND TO STATE COURT**
**AND STAY PROCEEDINGS IN THIS COURT**

NOW COMES Plaintiff, WEST BEND INSURANCE COMPANY f/k/a WEST BEND MUTUAL INSURANCE COMPANY ("West Bend"), by and through its attorneys, and, pursuant to 28 U.S.C. § 1447(c), moves for the entry of an order remanding this action to the Circuit Court of Cook County, Illinois. In support hereof, West Bend states as follows:

**INTRODUCTION**

1. This is an action filed by West Bend in the Circuit Court of Cook County, Illinois, for declaratory relief pursuant to 735 Ill. Comp. Stat. § 5/2-701 which arises out of an existing and actual controversy between the parties concerning the parties' rights and obligations under an insurance policy.

2. On October 30, 2024, Defendant, SIGLER'S AUTOMOTIVE AND BODY SHOP, INC. ("Sigler's"), removed the action to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332, 1441, and 1446. (Dkt. No. 1).

3. Conspicuously absent from Sigler's' Notice of Removal is any statement regarding the citizenship of each of the parties, which is relevant to whether Sigler's' removal is proper.

4. Plaintiff, West Bend, was and is a Wisconsin corporation with its principal place of business in Wisconsin.

5. Defendant, Sigler's, was and is an Illinois corporation with its principal place of business in Illinois.

6. Thus, although the parties are diverse, Sigler's was sued in the same state, Illinois, of its citizenship. Significantly, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (the "forum defendant rule"); *Norwegian Air Shuttle ASA v. Boeing Co.*, 530 F.Supp.3d 764, 766-67 (N.D. Ill. 2021).

7. West Bend now timely moves to remand this action to state court (28 U.S.C. § 1447(c)) based on the forum defendant rule because this action, which is otherwise removable solely on the basis of jurisdiction under section 1332(a), may not be removed to this Court as Sigler's is a citizen of Illinois, the State in which this action was brought.

8. Sigler's is likely to challenge remand by arguing that the forum defendant rule does not prevent removal of actions by forum defendants who have not been served with summons at the time of removal (it is undisputed that Sigler's had not been served as of October 30, the date of removal, but service was in progress (see ¶ 15, *infra*)).

9. The forum-defendant rule provides as follows: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [diversity

jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

10. Numerous courts in this district have addressed whether a forum defendant may remove a diversity case prior to service, but the Seventh Circuit has issued no controlling precedent on the issue. *Norwegian Air Shuttle ASA*, 530 F.Supp.3d at 767. Pre-service removal is often referred to as "snap removal" because it involves quickly filing for removal before service can be made. *Id*.

11. An in-depth discussion of snap removal and the forum defendant rule is presented in *Norwegian Air Shuttle ASA*, where the Court found that the forum-defendant rule is ambiguous and ultimately concluded that it does not allow for snap removal. As explained by the Court:

> There are two plausible readings of the forum-defendant rule. The first, allowing snap removal, narrowly prevents removal only when a state forum citizen defendant has been served. The second, rejecting snap removal, broadly prevents removal in cases with state forum citizen defendants except when the plaintiff chooses not to "properly join and serve" those parties by improperly joining parties with no connection to the case or improperly delaying service. The second reading better achieves the goals of the forum-defendant rule and is consistent with the statutory scheme.

530 F.Supp.3d at 769.

12. Rejecting snap removal is consistent with Congress's intention to "abridge the right of removal." *Norwegian Air Shuttle ASA*, 530 F.Supp.3d at 769, citing *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 10, 71 S.Ct. 534, 95 L.Ed. 702 (1951). Indeed, "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Id.*, citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). The forum defendant rule acts as a limit on federal diversity jurisdiction because the justification for

diversity jurisdiction—protecting out-of-state defendants against local prejudices—is not at issue when the defendant is a citizen of the forum state. *Id.*, citing *Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013). In addition, the rule also defers to a plaintiff's choice of forum. *Id.*, citing *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 380 (7th Cir. 2000) (Forum defendant rule "preserve[s] the plaintiff's choice of a (state) forum, under circumstances where it is arguably less urgent to provide a federal forum to prevent prejudice against an out-of-state party.").

13. In analyzing cases from other courts which have endorsed snap removal, the Court in *Norwegian Air Shuttle ASA* found "these decisions unpersuasive primarily because they narrowly focus on a short clause within the forum-defendant rule—"properly joined and served"—without fully considering the rule's purpose." 530 F.Supp.3d at 770. "Considering the intent of the forum-defendant rule—which is rooted in the genuine interests and citizenship of the parties, not whether a party is served with process in an hour, a day, or a week—the court 'concludes that the loophole for which [d]efendants advocate would lead to an absurd result, inconsistent with the statutory purpose.'" *Id*. "[I]t is inconceivable that Congress, in adding the 'properly joined and served' language, intended to create an arbitrary means for a forum defendant to avoid the forum-defendant rule simply by filing a notice of removal before the plaintiff is able to effect process." *Pennsylvania Manufacturers' Association Insurance Company v. Fidelitone, Inc.*, No. 23 C 16940, 2024 WL 1461459, *6 (N.D. Ill. April 4, 2024). In short, snap removals turn diversity jurisdiction, designed to shield out-of-state defendants from hometown bias, into a sword for defendants to select their forum when they are sued in their own state's courts. *Id*. at *7.

14. The decision in *Norwegian Air Shuttle ASA* has been endorsed in several subsequent decisions of this Court. *See, e.g., Pennsylvania Manufacturers' Association*

4

*Insurance Company*, 2024 WL 1461459; *In re Abbott Laboratories, et al., Preterm Infant Nutrition Products Liability Litigation*, MDL No. 3026, Nos. 22 C 192, 197, 203, 204, 2022 WL 2257182 (N.D. Ill. June 23, 2022).[1] *See also, Campanelli v. University of Notre Dame Du Lac*, No. 3:23-cv-864-PPS-JPK, 2023 WL 7321413, *4 (N.D. Ind. Nov. 6, 2023) ("I find the most sensible and persuasive view to be the one expressed [in *Norwegian Air Shuttle ASA*]: that the best interpretation of § 1441(b)(2) prevents snap removal unless a plaintiff improperly joins parties with no connection to the case or improperly delays service"); *In re Paraquat Products Liability Litigation*, MDL No. 3004, No. 3:21-md-3004-NJR, 2022 WL 3754820 (S.D. Ill. Aug. 30, 2022).[2]

15.    Here, West Bend did not improperly join parties with no connection to the case (Sigler's is the only defendant) or improperly delay service. West Bend filed this action in the Circuit Court of Cook County, Illinois, on October 25, 2024. (Dkt. No. 1-1, p. 2). Summons was issued on October 28, 2024 (Exhibit A hereto), and the Cook County Sheriff's Office opened its file on October 30, 2024 (Exhibit B hereto). Clearly, West Bend did not file this

---

[1] *Norwegian Air Shuttle ASA* followed many decisions in the Northern District which held that snap removal is an impermissible manipulation of removal statutes. *See, e.g., Vivas v. Boeing Co.*, 486 F.Supp.2d 726 (N.D. Ill. 2007); *Kern* v. *Krso*, No. 20 C 1404, 2020 WL 3960509, at *3 (N.D. Ill. July 13, 2020); *In re Testosterone Replacement Therapy Prods. Liab. Litig.*, 67 F.Supp.3d 952, 961 (N.D. Ill. 2014); *Grimard* v. *Montreal, Me. and Atlantic Ry., Inc.*, No. 13 C 6197, 2013 WL 4777849, at *2 (N.D. Ill. Sept. 5, 2013).

[2] Some decisions of the Court have declined to follow *Norwegian Air Shuttle ASA* but with incomplete analysis. *See, Wragge v. Boeing Company*, 532 F.Supp.3d 616, 621 (N.D. Ill. 2021) ("there is no question that the text of Section 1442(b)(2) is unambiguous" without explanation); *Great West Casualty Co. v. CR Express, Inc.*, No. 23-cv-16942, 2024 WL 3495231, * (N.D. Ill. July 22, 2024) ("Section 1441(b)(2) is unambiguous" without explanation and without considering plaintiff's choice of forum). Each of these decisions focused solely and squarely on the words "properly joined and served" without heeding the rule of statutory construction that "to assess plain meaning, courts look to the particular statutory language at issue, as well as the language and design of the statute as a whole." *Pennsylvania Manufacturers' Association Insurance Company*, 2024 WL 1461459 at *2, citing *United States* v. *Melvin*, 948 F.3d 848, 852 (7th Cir. 2020).

5

action and then delay serving Sigler's as a means of securing jurisdiction in state court before Sigler's could initiate action in federal court.

16. Ironically, Sigler's raced to remove the action to this Court on October 30, the same day that the Cook County Sheriff's Office commenced the process of serving Sigler's. This is precisely why snap removal is disfavored—it turns diversity jurisdiction, designed to shield out-of-state defendants from hometown bias, into a sword for defendants to select their forum when they are sued in their own state's courts. Based on the well-reasoned decisions of *Norwegian Air Shuttle ASA* and *Pennsylvania Manufacturers' Association Insurance Company*, West Bend requests that the Court remand this action to the Circuit Court of Cook County, Illinois.

17. In the meantime, Sigler's has filed affirmative defenses to West Bend's Complaint and its own Counterclaim. (Dkt. Nos. 7 and 8). West Bend requests that the Court stay the time for West Bend to respond to these pleadings until jurisdiction is determined.

WHEREFORE, Plaintiff, WEST BEND INSURANCE COMPANY f/k/a WEST BEND MUTUAL INSURANCE COMPANY, prays for the entry of an order staying the time for it to respond to the pleadings of Defendant, SIGLER'S AUTOMOTIVE AND BODY SHOP, INC., and remanding the action to the Circuit Court of Cook County, Illinois, together with such other and further relief deemed just and proper.

    Respectfully submitted,

    /s/ Thomas B. Orlando
    Thomas B. Orlando
    FORAN GLENNON PALANDECH
    PONZI & RUDLOFF PC
    222 N. LaSalle Street, Suite 1400
    Chicago, Illinois 60601
    312-863-5000
    torlando@fgppr.com

                                        Attorneys for Plaintiff,
                                        WEST BEND INSURANCE COMPANY f/k/a
                                        WEST BEND MUTUAL INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above document was filed electronically with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk) this 26th day of November, 2024.

**Attorney for Plaintiffs**
Patrick L. Provenzale
Ekl, Williams & Provenzale LLC
Two Arboretum Lakes
901 Warrenville Road, Suite 175
Lisle, IL 60532
630-654-9975
pprovenzale@eklwilliams.com

                                        /s/ Thomas B. Orlando
                                        Thomas B. Orlando
                                        FORAN GLENNON PALANDECH
                                        PONZI & RUDLOFF PC
                                        222 N. LaSalle Street, Suite 1400
                                        Chicago, Illinois 60601
                                        312-863-5000
                                        torlando@fgppr.com